# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|    *Plaintiff* ) | |
| vs. ) | CRIMINAL NO. |
| ) | 1:23-CR-322-SEG |
| ) | |
| ASHLEY SPLAWN, ) | |
|    *Defendant.* ) | |
| _____ ) | |

## AMENDED SENTENCING MEMORANDUM

COMES NOW, undersigned counsel, on behalf of above named Defendant and files this Sentencing Memorandum for the Court's consideration.

**Procedural History and Offense Conduct**

On November 28, 2023, Ms. Splawn was named in a one-count Amended Criminal Information charging her with wire fraud in violation of 18 U.S.C. § 1343. She waived indictment and pled guilty pursuant to a plea agreement with the Government.

**Personal History**

Ms. Splawn was born in Knoxville, Tennessee where her parents still reside. Her parents are in their seventies and she maintains weekly contact with them as well as her two siblings.

This is Ms. Splawn and her sister, Asiah:



Ms. Splawn resides with her partner, Chevelle Douglas, and Ms. Douglas's daughter, Olivia:




Ms. Splawn and Ms. Douglas have been in a relationship for eight (8) years and Ms. Douglas remains supportive of Ms. Splawn:




Ms. Douglas wrote a letter of support on behalf of Ms. Splawn, which is attached hereto as Ehxibit A. It is a testament to their relationship that Ms. Douglas recognizes that Ms. Splawn's conduct in the instant offense do not change who she is, and has been, to Ms. Douglas and her daughter, Olivia.

## Guidelines

There are no guidelines issues for this Court to resolve.

Ms. Splawn asserts that the following are the properly calculated sentencing guidelines:

| | |
|---|---:|
| U.S.S.G. § 2B1.1(a)(1): Base offense level | 7 |
| U.S.S.G. § 2B1.1(b)(1)(G): $450,517.29 | +12 |
| Adjusted offense level | 19 |
| U.S.S.G. § 3E1.1: Acceptance of responsibility | -3 |
| U.S.S.G. § 4C1.1: zero-point offender | -2 |
| Total offense level | 14 |
| Government sponsored variance per the plea agreement | -2 |
| Offense level | 12 |
| Criminal history category I | 10 to 16 months |

## Variance: 18 U.S.C. § 3553(a)

Since *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), a district court is no longer required to sentence within the range provided by the Sentencing Guidelines, but is still obligated correctly to calculate that range. Post-*Booker* sentencing requires two steps. First, the district court must

consult the Guidelines and correctly calculate the range provided by the Guidelines. *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).

Second, the district court must consider several factors to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. *See* 18 U.S.C. §3553(a); *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949).

Congress itself has imported this principal into 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on information" a sentencing court may consider "concerning the [defendant's] background, character, and conduct," and in 18 U.S.C. § 3553(a)(1), which requires a court to consider "the history and characteristics of a defendant." "Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will *suit not merely the offense but the individual defendant*.'" *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (emphasis added) (citations omitted). This is not a new development, it has simply been revived: more than sixty years ago, the Supreme Court noted:

> The knowledge of the life of a man, his background and his family, is the only proper basis for the determination as to his treatment. There is no substitute for information. The sentencing judge in the Federal court has the tools with which to acquire that information. Failure to make full use of those tools cannot be justified.

*Williams*, 337 U.S. at 249 n.14 (citation omitted).

**(1)   The nature and circumstances of the offense and the history and characteristics of the defendant**

On June 14, 2022, well in advance of being charged with the instant offense, Ms. Splawn met with law enforcement and admitted what she had done. She met with law enforcement again on November 10, 2022. She is deeply remorseful and embarrassed by her conduct. Ms. Splawn will be impacted by her actions for the rest

of her life as she will now experience the world as a convicted felon. Ms. Splawn's immediate admission of her conduct, cooperation, and her acceptance of responsibility warrant a non-incarceration sentence.

It is recognized that first time offenders who are not only criminal history category I, but also have had no prior brushes with the law are far less likely to recidivate. *See United States v. Germosen*, 473 F.Supp.2d 221, 227 (D.Mass. 2007) (in conspiracy to import heroin by swallowing pellets, below guideline sentence of 6 months home detention warranted in part because first offense and " there is a demonstrable difference in the recidivism rates of real first offenders as compared to other defendants in Criminal History Category I.")

Further, Congress stressed "the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense" 28 U.S.C. § 994(j). In order to further this goal as set forth in 28 U.S.C. § 994(j), the guidelines were updated to include the zero-point offender variance, which Ms. Splawn will receive, as well as updates to the Application Notes of U.S.S.G. § 5C1.1. Application Note 10 provides:

> (A) <u>Zero-Point Offenders in Zones A and B of the Sentencing Table</u>.—If the defendant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the

> defendant's applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate. See 28 U.S.C. § 994(j).
>
> (B)  **Departure for Cases Where the Applicable Guideline Range Overstates the Gravity of the Offense.**—A departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate if the defendant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense. See 28 U.S.C. § 994(j).

U.S.S.G. § 5C1.1(d) also provides that non-incarceration can be imposed by substituting one day of home detention for one day of imprisonment as set forth in U.S.S.G. § 5C1.1(e)(3).

Ms. Splawn notes that while the guidelines and their commentary are helpful in fashioning a sentence that is sufficient, but not greater than necessary to achieve the goals of 18 U.S.C. § 3553, the guidelines are not mandatory and this Court is bound only by statute.

### (2)  The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

Ms. Splawn knows that she should not have used a credit card without authorization in order to boost her status as a salesperson and recognizes the harm she caused to the Hawks. She is deeply remorseful for what she did. Ms. Splawn

has shown, by her immediate acceptance of responsibility and proffer to law enforcement, that her conduct in this offense is not a pattern and that she will live the remainder of his life as a law-abiding citizen.

**(3)     The need for deterrence**

Ms. Splawn does not need to be further deterred from criminal conduct.

**(4)     The need to protect the public**

The public does not need to be protected from Ms. Splawn. Ms. Splawn's conduct was non-violent.

**(5)     The need to provide the defendant with needed educational or vocational training or medical care**

Ms. Splawn does not need the assistance of the Bureau of Prisons (BOP) in these areas.

**(6)     The kinds of sentences available**

As there is no minimum mandatory, this Court is not bound to apply any particular length or form of sentence. "As a nation, we need to deal with—and not just talk about—our over-incarceration problem. We need to make smart, bold choices about two things: (1) the lengths of the prison terms we impose on those who need to be imprisoned; and (2) the categories of defendants we routinely

incarcerate who don't need to be imprisoned in the first place. *United States v. Dokmeci*, No. 13-CR-00455 (JG), 2016 WL 915185, at *1 (E.D.N.Y. Mar. 9, 2016).

This Court is free to impose a sentence of probation with home detention as a substitute for imprisonment. *See* U.S.S.G. §§ 5C1.1 and 5F1.2 ("Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment."). Application Note 1 explains:

> 'Home detention' means a program of confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences, enforced by appropriate means of surveillance by the probation office. When an order of home detention is imposed, the defendant is required to be in his place of residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and such other times as may be specifically authorized. Electronic monitoring is an appropriate means of surveillance and ordinarily should be used in connection with home detention. However, alternative means of surveillance may be used so long as they are as effective as electronic monitoring.

This Court may also impose community service as a condition of probation. U.S.S.G. § 5F1.3.

Former Attorney General Eric Holder lamented on April 4, 2013, at speech delivered at the 15th Annual National Action Network Convention that, "[t]oo many people go to too many prisons for far too long for no good law enforcement

reason. It is time to ask ourselves some fundamental questions about our criminal justice system. Statutes passed by legislatures that mandate sentences, irrespective of the unique facts of an individual case, too often bear no relation to the conduct at issue, breed disrespect for the system, and are ultimately counterproductive. It is time to examine our systems and determine what truly works. We need to ensure that incarceration is used to punish, to rehabilitate, and to deter — and not simply to warehouse and forget." Found at https://www.justice.gov/opa/speech/attorney-general-eric-holder-speaks-the15th-annual-national-action-network-convention (last accessed March 2, 2024).

**(7)    The Sentencing Guidelines range;**

Ms. Splawn asserts that the final sentencing guideline range will result in a range of 10-16 months.

**(8)    Pertinent policy statements of the Sentencing Commission**

U.S.S.G. § 5K2.20 is a policy statement on Aberrant Behavior. Section (b) provides: "The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."

While Ms. Splawn's conduct in this offense was not a single event, it was a marked deviation from how she conducted herself before and after this offense.

**(9)     The need to avoid unwanted sentencing disparities**

The most recent Quarterly Data Report from the Sentencing Commission, which covers data from Ocotber 1, 2022 through September 30, 2023[1], 24.8% of all fraud/theft/embezzlement offenders received a sentence of probation or probation and alternatives[2]. Of all offenders nationally during this period, only 42.5% received a within guidelines sentence and 54% received a below guideline sentence based on either a downward departure or downward variance[3]. Nationally, for fraud/theft/embezzlement offenders specifically, 39.5% received a within guideline sentence while 60.2% received a below guideline sentence based on either a downward departure or downward variance[4]. In the Northern District of Georgia, only 27.7% of all offenders received a within guidelines sentence while 60.1%

---

[1] *Available here*: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/quarterly-sentencing-updates/USSC_Quarter_Report_4th_FY23.pdf (last accessed March 2, 2024).
[2] *Id* at Table 7
[3] *Id*. at Table 8
[4] *Id*. at Table 10

received a below guideline sentence based on either a downward departure or downward variance[5].

### (10) The need to provide restitution to victims

Ms. Splawn owes significant restitution and a non-incarceration sentence will allow her to begin paying toward her restation, while incarceration will delay her ability to begin making these payments.

### Conclusion

Based on the arguments presented herein, Ms. Splawn requests that this Court impose a reasonable sentence of home confinement as a substitute for imprisonment in combination with probation or supervised release.

Dated: this 29th day of April, 2024.

                                                            Respectfully submitted,

                                                            /s/Holly B. Hughes
                                                            Attorney for Ashley Splawn
                                                            GA Bar #375847

---

[5] *Id*. at Table 9

CERTIFICATE OF COMPLIANCE WITH TYPE AND FONT
AND CERTIFICATE OF SERVICE

I hereby certify that this motion has been prepared in Times New Roman (14 pt.) and consistent with the Local Rules of this Court.

I further hereby certify that I have this date caused a true and correct copy of the foregoing SENTENCING MEMORANDUM to be served by filing it with the Clerk of Court using the ECF System that will send notification of such filing to:

Assistant United States Attorney Michael Herskowitz

All other Counsel of Record

Dated:  Dated:  this 29th day of April, 2024.